UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LOUD RECORDS, LLC, et al.         :
                                  :
        v.                        :    C.A. No. 05-475S
                                  :
KATHY TARTAGLIA                   :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before the Court is Plaintiffs' Application for Entry of Default Judgment. (Document No. 8). Plaintiffs seek the entry of default judgment against Defendant in the amount of $5,550.00 (statutory damages – $5,250.00; and costs $300.00). This application has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(A) and LR Cv 72(a). A hearing was held on May 22, 2006. For the reasons stated below, I recommend that Plaintiffs' Application be DENIED and that the Default entered by the Clerk on February 1, 2006 be set aside pursuant to Fed. R. Civ. P. 55(c).

**Background**

This is a copyright infringement action alleging that Defendant Kathy Tartaglia, "without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download" certain copyrighted music recordings. Compl., ¶ 13. Defendant was served with Plaintiffs' Complaint on November 19, 2005 by substitute service pursuant to Fed. R. Civ. P. 4(e)(2). (Document No. 2). On February 1, 2006, Default was entered against Defendant upon Plaintiffs' Request. (Document No. 5). On February 9, 2006, Plaintiffs served Notice of Entry of Default on Defendant. (Document No. 6).

## Discussion

Because Default has entered against Defendant, the factual allegations of Plaintiffs' Complaint are taken as true. See Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002). When default judgment is sought pursuant to Fed. R. Civ. P. 55(b)(2) against a party who has failed to plead or otherwise defend, the District Court has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the defaulted party. See Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001). Plaintiffs allege subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyright). Plaintiffs' suit is brought under the federal Copyright Act (17 U.S.C. § 101, et seq.) and seeks injunctive relief and damages for infringement pursuant to 17 U.S.C. §§ 502, 504 and 505. Thus, this Court has subject matter jurisdiction in this action.

As to personal jurisdiction, it is alleged that Defendant resides in this District in Coventry, Rhode Island. Compl., ¶¶ 3 and 9. The Return of Service indicates that substitute service was effectuated on Defendant by leaving copies of the Summons and Complaint at her house with her daughter, "a person of suitable age and discretion" residing at Defendant's house. (Document No. 2). Further, the pending application for Entry of Default Judgment was served on Defendant by Certified Mail at her Coventry residence and the return receipt was signed by Defendant on or about April 24, 2006. (Document No. 9). Thus, this Court has personal jurisdiction over Defendant.

As to damages, Plaintiffs do not seek actual damages at this time. Rather, their Application seeks statutory damages in the minimum amount of $750.00 per copyrighted recording infringed. In their Application, Plaintiffs allege infringement of at least seven recordings (Compl., ¶ 11) and seek statutory damages in the total amount of $5,250.00 ($750.00 x 7). See 17 U.S.C. § 504(c)(1).

Plaintiffs' Application also seeks costs in the reasonable amount of $300.00 and it does not seek attorneys' fees. See 17 U.S.C. § 505. Finally, Plaintiffs' Application seeks reasonable injunctive relief. See 17 U.S.C. §§ 502 and 503(b).

This Court, having both subject matter and personal jurisdiction and the allegations of Plaintiffs' Complaint having been established by default, concludes that Plaintiffs' Application for Entry of Default Judgment could be granted. However, at the hearing, Defendant appeared and requested that this case "not be put in as a default," and that she not be found "guilty." Defendant has not filed anything in this case. She appeared at the hearing, pro se accompanied by her adult daughter and expressed a desire to contest this case and the entry of default judgment.

Defendant described herself as disabled and indicated that she has been under the care of a psychiatrist for anxiety, depression and "other things" for the last two years. She stated that she "went into Butler [Hospital] in 2004." Defendant indicated that she takes several medications prescribed by her psychiatrist including Paxil, Wellbutrin and Klonopin. Although she is not collecting disability benefits, Defendant stated that she has not worked since 2003. She holds a drivers' license but indicated that she drives infrequently and that her daughter drove her to Court for the hearing. Her employment history includes work as an office clerk (routine filing/phones), data entry, waitressing and babysitting. Defendant has a 1983 high school degree but stated that she was "pushed along." She reported problems reading and spelling. Although Defendant did not claim to be incompetent and reported no legal determinations of her incompetence, she stated that she is undergoing medical treatment for psychological disorders (anxiety/depression) and that her education and work history are limited. Giving due deference to Defendant's background and pro se status, see Haines v. Kerner, 404 U.S. 519, 520 (1972), this Court treats Defendant's statements

at the hearing as an oral Motion to Set Aside Default pursuant to Fed. R. Civ. P. 55(c)[1] and recommends that such Motion be GRANTED for the reasons discussed below.

Rule 55(c) of the Federal Rules of Civil Procedure provides that an entry of default may be set aside for "good cause shown." The First Circuit Court of Appeals has noted that the "good cause" analysis lies within the "sound discretion" of the district court and is a "mutable standard, varying from situation to situation." Coon v. Grenier, 867 F.2d 73, 75-76 (1st Cir. 1989) (citations omitted). The First Circuit has declined to set forth a rigid standard for determining "good cause," instead encouraging a consideration of the facts of each case, however, the Court has indicated that at least three factors serve a useful purpose in any consideration of whether good cause has been demonstrated: (1) the willfulness of the default, (2) the prejudice to the non-moving party in vacating default and (3) whether a meritorious defense is presented. See Coon, 867 F.2d at 76; citing United States v. One Parcel of Real Property, 763 F.2d 181,183 (5th Cir. 1985). The burden of demonstrating "good cause" to vacate the entry of default falls upon the moving party, in this case, Defendant. See KPS & Assocs., Inc. V. Designs by FMC, Inc., 318 F.3d 1, 14 (1st Cir. 2003). However, "as a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing pro se." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2nd Cir. 1993). This is because a "party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation, and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of

---

[1] See Whiton v. Brownstein, No. 04 Civ. 6543 (PKC), 2006 WL 163139, at *2 (S.D.N.Y. Jan. 20, 2006) (In a case involving a pro se defendant, the court "deemed" defendant's opposition to plaintiff's motion for default judgment as one to set aside default under Rule 55(c)).

his or her lack of legal knowledge." Id.; see also Coon, 867 F.2d at 76 ("[A] district court should resolve doubts in favor of a party seeking relief from the entry of a default.").

As to willfulness, Defendant claims that she did not understand what she was receiving and did not seek legal advice. She indicated that she is currently under a psychiatrist's care, spent time at Butler Hospital in 2004 and takes prescribed psychotropic medications. Defendant did not totally ignore this matter as she indicated that she telephoned Plaintiffs in response to a letter but that she had difficulty understanding, and Plaintiffs' representative would not speak with Defendant's daughter. Defendant represented that she has difficulty reading and has a limited educational and employment history. On this basis, this Court concludes that Defendant's default was not willful and is excusable. See Whiton, 2006 WL 163139 at *2 (fact that pro se defendant was suffering from a neurological disorder, in part, warranted setting aside default); and Christian v. Anderson, No. Civ. 05-CV-356JD, 2006 WL 1049772, *1 (D.N.H. April 17, 2006) (pro se defendant's confusion about what he was supposed to do in response to plaintiff's complaint, in part, warranted setting aside default).

As to prejudice to Plaintiffs, none is readily apparent to this Court. Plaintiffs' litigation was initiated in late 2005, and they waited almost three months after the entry of default to pursue the instant Application. Plaintiffs would not be substantially prejudiced by the setting aside of default and the adjudication of this case on the merits.

Finally, as to the meritorious defense prong, this has been described as a "squatty hurdle" by the First Circuit. Coon, 867 F.2d at 77. Defendant need not establish a likelihood of success on her defense but only the existence of facts suggesting at least a plausible defense. Clarke v. Blais, No. 05-177-P-H, 2006 WL 1046928, *2 (D. Me. April 14, 2006). Defendant claims that she does not

"deal" with her computer and that her daughter and grandchildren use it. In essence, Defendant suggested that she has not personally engaged in any copyright infringement and that she lacked any knowledge of such activity. It is also impossible from Plaintiffs' Complaint and the Exhibits thereto to determine when this alleged infringement took place and whether this suit is timely filed. See 17 U.S.C. § 507(b) (three year statute of limitations).

In conclusion, this Court concludes that "good cause" exists under the particular facts of this case to warrant setting aside the default of Defendant. Defendant should not view this decision as permission to ignore the Rules of this Court in the future. See Ruiz Rivera v. Riley, 209 F.3d 24, 28 n.2 (1st Cir. 2000) ("pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules"). Further, it should not be viewed as a general invitation to other pro se defendants that it is permissible to ignore a properly served complaint. The decision in this case is based on the facts presented about this particular pro se Defendant and, even considering those facts, presented a close call to the Court.

### Conclusion

For the reasons stated above, I recommend that Plaintiffs' Application for Entry of Default Judgment be DENIED and that the Default entered against Defendant on February 1, 2006 be set aside pursuant to Fed. R. Civ. P. 55(c). Defendant shall file her Answer to Plaintiffs' Complaint within twenty (20) days of the date of this ORDER in compliance with Rule 8(b) and (c) of the Federal Rules of Civil Procedure and Local Rule Cv 5(a). In particular, Defendant's Answer should:

(1) start with the case caption and case number set forth at the beginning of this order;

(2) be titled "Answer" after the case caption and case number;

(3) set forth, in "short and plain terms," Defendant's answer to each of the allegations in Plaintiffs' Complaint in correspondingly number paragraphs and any additional defenses in separately numbered paragraphs, see Federal Rule of Civil Procedure 8(b) and (c);

(4) be page numbered;

(5) be followed by Defendant's original signature and a notation of her pro se status, address and telephone number, see Federal Rule of Civil Procedure 11 and Local Rule Gen. 205; and

(6) finally include a signed certification at the end of the document confirming that a copy has been sent to, i.e., served upon, Plaintiffs' counsel, see Federal Rule of Civil Procedure 5.

If Defendant fails to file an appropriate and timely Answer as ordered herein, this Court recommends that Default Judgment enter against Defendant in the form and amount requested by Plaintiffs.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond

LINCOLN D. ALMOND
United States Magistrate Judge
May 25, 2006